UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DARREN BOWIE

VERSUS

AMERICAN HOME ASSURANCE
COMPANY

CIVIL ACTION

NO. 05-1381-JJB

## RULING ON MOTIONS IN LIMINE

Plaintiff brings a motion in limine to exclude and/or strike the employment records from his previous employer, Faust Distributor (doc. 47). Defendants have submitted a memorandum in opposition (doc. 48). Defendants bring a motion in limine to exclude the causation testimony of Officer Michael Hill (doc. 46). Plaintiffs have submitted an opposition (doc. 49). Jury trial in this matter is set for April 27, 2009.

## Background

This suit arises out of an accident involving two 18-wheel motor carrier vehicles. Plaintiff, Mr. Bowie, was driving the vehicle in front for his employer, Knight Transportation. Defendant, Ryan Fulton, was driving the vehicle behind plaintiff for Landstar Ranger.[1] Plaintiff asserts he was injured in the accident and is unable to return to work as a truck driver.

## Exclusion of Faust Employment Records

Prior to working as a driver for Knight Transportation, Plaintiff worked as a driver for Faust Distributors. Defendant now seeks to admit the employment records of Faust. Plaintiff argues that the Faust employment records should be excluded because they (1) were not timely provided; (2) are intended to be used by defendants to impermissibly

---

[1] The parties have stipulated that Landstar Ranger is vicariously liable for any fault assessed to Fulton for his operation of his vehicle.

1

show "prior bad acts" in violation of Federal Rule of Evidence 608; and (3) are irrelevant or alternatively highly prejudicial.

Plaintiff asserts that the Faust employment records were not timely provided and thus should be excluded under Federal Rule of Procedure 37.[2] To determine whether evidence should be excluded for a party's failure to disclose that evidence, this Court will consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[3] Here, because we find no prejudice to plaintiff, we decline to exclude the employment records under Rule 37.

Defendant asked for plaintiff's authorization to seek his employment records on August 29, 2006, October 17, 2006, November 9, 2007, February 11, 2008, and April 23, 2008. On May 5, 2008, plaintiff sent these employment authorizations to defendant. We note that plaintiff sent these authorizations after the close of fact discovery on March 3, 2008. Plaintiff sent these authorizations with the express request that all documents obtained by defendant would be forwarded on to plaintiff. Defendant received the Faust employment records on June 9, 2008; however, during an August 28, 2008 deposition, the parties realized that the Faust employment records had not been forwarded on to plaintiff. Defendant provided plaintiff with the records on

---

[2] Federal Rule of Civil Procedure 37(c)(1) provides in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."
[3] Texas A&M Research Foundation v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

September 23, 2008,[4] before this Court set the trial date of April 27, 2009. Based on this timeline, this Court finds that although the records were not provided by the close of fact discovery on March 3, 2008, this lateness was due in part to plaintiff's failure to complete and send the employment authorizations until May 5, 2008. Further, plaintiff cannot now assert that he was prejudiced by the untimely disclosure of employment records made available to him more than seven months prior to trial—especially when the records were made available *prior* to this Court setting a trial date.

Plaintiff also asserts that the employment records are inadmissible under Federal Rule of Evidence 608(b), which provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness….

Plaintiff argues that the reason defendant seeks to submit the Faust employment records is to cast him in a bad light in front of the jury. The Faust employment records include a notation that Mr. Bowie was terminated for "theft." This notation is contrary to his employment application with Knight as well as his deposition testimony in which he indicated he voluntarily left his employment with Faust.[5] Defendant argues that it

---

[4] Defendant "concedes it inadvertently failed to forward the Faust records to plaintiff for two months." Defendant's opposition, doc. 48, page 9.

[5] Defendant cites the following deposition testimony. However, this testimony is not included as an exhibit with either parties' memoranda.
A: …So, you know, I gave them notice, and I went over there and started working over there.
Q: Okay. So you – you quit Faust –
A: Right.
Q: - on your own?
A: Right.

intends to use the Faust employment records to impeach Mr. Bowie's testimony. Defendant asserts that it is not important to it "the *reason why* Mr. Bowie was terminated from Faust; yet, it is of great importance to show the reason why he was terminated *contradicts* the reason why Mr. Bowie himself twice claimed his employment ended."[6]

Although potentially admissible under FRE 608(b), the court finds that the relevance of the Faust records is outweighed by the potential prejudice to Mr. Bowie. Defendant argues that the records are relevant to Mr. Bowie's wage claims, because Mr. Bowie's loss of earning capacity depends on his "ability to work *in the same industry from which he was terminated*."[7] Despite this assertion, Plaintiff's vocational expert stated in her deposition that while the reason for termination from Faust noted in the employment records was something she would have liked to have known when doing her vocational evaluation, it would not have affected her end opinion.[8] Thus, the relevancy of the Faust records in relation to Plaintiff's wage claim is questionable. This Court agrees with Plaintiff that the records have little relevance and that introducing the notation of "theft" to the jury would serve to prejudice them against Mr. Bowie unnecessarily.

### Exclusion of Officer Hill's Causation Testimony

Officer Michael Hill is the Jennings Police Officer who responded to the accident from which this lawsuit arises. Upon arrival at the scene, the two 18-wheelers had already been removed from the roadway. In his deposition, Officer Hill states he has

---

[6] Opposition, doc. 48, page 12 (emphasis in original).
[7] Opposition, doc. 48, page 13. (emphasis in original).
[8] Deposition of Stephanie Chalfin, doc. 48-7, page 7.

worked patrols for "about 11 years;"[9] however, he admits that he does not have any accident reconstruction training, that he does not know how far the vehicles travelled after impact, or where exactly on I-10 the accident occurred.[10] Officer Hill noted in his deposition that defendant Fulton's failure to yield was a primary factor in the collision.[11] Defendant seeks to exclude Officer Hill's testimony that defendant's failure to yield and striking Mr. Bowie's vehicle was a factor of the collision "and any and all other Officer Hill testimony regarding the cause of the accident."[12] Defendants note that "Officer Hill is free to testify about what he **perceived** when he arrived at the accident scene, such as where the vehicles were parked at that time and damage to the vehicles."[13]

In opposition, the plaintiff states that while he "does not intend to ask Officer Hill about whom he found at fault…Officer Hill is qualified to testify as to any factual conclusion he made based on his investigation."[14] Officer Hill's deposition testimony was based upon the accident report he completed at the time of the accident.[15] The accident report includes a page of fill-in-the-blank boxes. These boxes indicate that the primary factor of the accident was a "failure to yield."[16] Plaintiff cites a number of cases in which investigative reports (such as the accident report Officer Hill completed in this case) were admissible as an exception to the hearsay rule under Federal Rule of

---

[9] Doc. 49-2, page 17. In this same portion of Officer Hill's deposition, he agreed that he had investigated hundreds if not thousands of automobile accidents. *Id*.
[10] Doc. 46-3, pages 2 and 5.
[11] Doc. 46-3, page 9.
[12] Doc. 46-2, page 5.
[13] Doc. 46-2, page 5 (emphasis in original).
[14] Doc. 49, page 2.
[15] During his deposition, Officer Hill agreed that he had no independent recollection of the accident and had to basically rely on the report. Doc. 49-2, page 7.
[16] Doc. 49-3, page 3.

Evidence 803(8)(C).[17] Plaintiff is correct that under Rule 803(8)(C) and *Beech Aircraft*, the accident report itself may not constitute inadmissible hearsay.[18] However, the Court finds the issue of admissibility of the accident report separate and distinct from the issue of the proper scope of Officer Hill's testimony.[19]

Because Officer Hill has not been trained in accident reconstruction, and no party has asserted he be qualified as an expert, this Court considers the admissibility of Officer Hill's testimony under Federal Rule of Evidence 701.[20] In *Duhon v. Marceaux*,[21] the court affirmed the exclusion of causation testimony from the highway patrolman who had investigated the scene of a traffic accident, explaining that the officer "was not qualified to testify as an expert in accident reconstruction and that he did not witness the accident. As a general rule, police officers' lay 'opinions as to the cause of an

---

[17] FRE 803(8)(c) sets forth:
> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth…(C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness.

Plaintiff cites *Beech Aircraft Corporation v. Raney*, in which the Supreme Court held admissible an investigative report prepared by a Navy Lieutenant which included the Lieutenant's opinion as to the most probable cause of an aircraft accident. 488 U.S. 153 (1988). The Court held that portions of the report stating conclusions or opinions were admissible as long as they met 803(8)'s requirements of being trustworthy. *Id*. at 170.

[18] The defendant has not challenged the trustworthiness of the report, and this Court finds no reason to independently do so at this time. Further, "evaluative reports are presumed not to be excluded under the hearsay rule unless there are indications of untrustworthiness." Moss v. Ole South Real Estate, Inc., 933 F.2d 1300, 1305 (5th Cir. 1991).

[19] The court notes that it fails to see the need to submit the accident report itself because Officer Hill will be available to testify.

[20] FRE 701 provides:
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

[21] 33 Fed.Appx. 703, 2002 WL 432383 (5th Cir. 2002) (unpublished).

automobile accident formed by viewing subsequent evidence at the scene' are excluded under Rule 701."[22]

Although Officer Hill is not trained in accident reconstruction and has not been qualified as an expert, he does have many years of experience responding to traffic accidents. However, the basis for his statement regarding defendant's failure to yield has not been explained by either party. As no foundation has been laid for Officer Hill's testimony, this Court cannot determine the basis for Officer Hill's opinion. This Court will therefore defer ruling on the admissibility of Officer Hill's testimony as to any causation. At trial, the plaintiff should be prepared to lay an adequate foundation for the admission of Officer Hill's opinion testimony as to his belief that "failure to yield" was a cause of the accident.

## Conclusion

Based on the above analysis, the Court GRANTS Plaintiff's motion in limine to exclude the employment records of Faust Distributors. The Court DEFERS Defendant's motion in limine to exclude causation testimony of Officer Hill.

Signed in Baton Rouge, Louisiana, on April 6, 2009.

                                          **JUDGE JAMES J. BRADY**
                                          **UNITED STATES DISTRICT COURT**
                                          **MIDDLE DISTRICT OF LOUISIANA**

---

[22] *Id.* at *4.